UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT J. BERRYHILL, | ) | CASE NOS.  1:13CR175 |
| | ) | 1:15CV815 |
| PETITIONER, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) | |
| RESPONDENT. | ) | |

On April 24, 2015, *pro se* petitioner Robert Berryhill filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Case No. 1:13cr175, Doc. No. 40). In his motion, petitioner appears to maintain that he was denied the effective assistance of counsel during the plea process leading up to his decision to plead guilty, pursuant to a plea agreement, to counts 1-9 of the information.

After the Court set a briefing schedule for petitioner's motion, the government moved for an order finding that, by challenging the effectiveness of counsel in his § 2255 motion, petitioner had waived the attorney-client with respect to the claims raised in his motion. (Doc. No. 42.) The government also sought an order authorizing trial counsel, Richard H. Blake and Jennifer Dowdell-Armstrong, and appellate counsel, Michael M. Losavio, to discuss their representation with the government as it relates to the issues raised in petitioner's § 2255 motion. (*Id*. at 350.) The Court stayed the briefing schedule and afforded petitioner an opportunity to respond to the government's motion. In a filing, dated May 26, 2015, petitioner represents that he "does not oppose waiver [of

the attorney-client privilege] in regards to the specifics of the filings assertions regarding consummation of the plea agreement in the matters." (Doc. No. 43 at 358.)

By claiming ineffective assistance of counsel and otherwise raising issues regarding his attorney's performance in a § 2255 motion to vacate, set aside, or correct a sentence, a defendant implicitly waives the attorney-client privilege to the extent that any privileged communications bear on his attorney's performance. *See In re Lott*, 424 F.3d 446, 452-54 (6th Cir. 2005) (collecting cases). In such circumstances, courts routinely issue orders finding a limited, implied waiver of the attorney-client privilege. *See, e.g., Drake v. United States*, No. 3:05-00209, 2010 WL 3059197, at *1-2 (M.D. Tenn. July 30, 2010); *United States v. Lossia*, No. 04-80422, 2008 WL 192274, at *1-2 (E.D. Mich. Jan. 23, 2008).

The Court therefore finds that a limited waiver of the attorney-client privilege is necessary for the government to defend the ineffective assistance claims defendant raises in his § 2255 motion. *See In re Lott*, 424 F.3d at 453 ("Courts 'must impose a waiver no broader than needed to ensure the fairness of the proceedings before it.'") (quoting *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003)). Accordingly, the Court grants the government's motion, and further grants defendants' prior trial and appellate counsel permission to discuss with the government the specific allegations of alleged ineffective assistance of counsel raised by petitioner in his § 2255 motion.

**IT IS SO ORDERED**.

Dated: June 2, 2015

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**