# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT J. BERRYHILL, | ) | CASE NOS.  1:13cr175 |
| | ) | 1:15cv815 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on petitioner Robert Berryhill's motion to amend his § 2255 motion to vacate, set aside or correct his sentence. (Doc. No. 44 ["Mot. to Am."]; *see* Doc. No. 40 ["§ 2255 Mot."].) The government has responded to the motion to amend indicating that it "does not oppose Berryhill's procedural request for addition of an argument presented through the instant motion to amend. However, the United States reserves the right to challenge the substance and argument of all claims presented by Berryhill in his initial 2255 motion and including those set forth in this amendment." (Doc. No. 46 ["Gov. Res."] at 373, emphasis omitted.) For the reasons that follow, petitioner's motion to amend is GRANTED.

A motion to amend a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. 28 U.S.C. § 2242; Rule 12, Rules Governing § 2255 Proceedings; *see Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978) ("Amendment of a

1

petition for habeas corpus is governed by the rules of procedure applicable to civil actions.") (quotation marks and citation omitted). Even in circumstances where leave of court is required to amend a pleading, Rule 15 counsels that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Petitioner timely filed his motion to vacate, set aside or correct his sentence on April 24, 2015, less than 12 months after his appeal became final. His unopposed motion to amend, filed approximately two months later, was likewise timely. In his motion to amend, petitioner seeks leave to amend his § 2255 motion to supplement his argument that he did not receive effective assistance of counsel at the plea stage. In support, he appears to argue that the underlying factual predicate did not support his plea of guilty to aggravated identity theft because petitioner did not "use" another person's name as that term is understood in the context of 18 U.S.C. § 1028A. (Mot. to Am. at 361 [citing *United States v. Miller*, 734 F.3d 530 (6th Cir. 2013)].) While it is not entirely clear, the Court construes petitioner's motion as a request to amend his petition to allege that trial counsel was ineffective for failing to argue that, pursuant to Fed. R. Crim. P. 11(b)(3), there was an insufficient factual basis for his plea to the crime of aggravated identity theft. The Court shall permit petitioner to amend his § 2255 motion to add this argument.

Petitioner's motion to amend also includes a request for the appointment of counsel and for an evidentiary hearing. (Mot. to Am. at 367.) There is no constitutional or statutory right to counsel at the habeas corpus stage. *See Penn. v. Finley*, 481 U.S. 551, 555 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) (The Supreme Court "ha[s] never held that

prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions."); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citation omitted); *see also* 18 U.S.C. § 3006A(a)(2)(B) ("representation *may* be provided") (emphasis added). Absent some showing of a particularized need for counsel, this Court declines to appoint an attorney to represent petitioner in post-conviction collateral proceedings. Petitioner's request for counsel is DENIED.

Petitioner also requests an evidentiary hearing. A prisoner who files a motion under § 2255 is entitled to "a prompt hearing" at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The hearing is mandatory "unless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief." *Fontaine v. United States*, 411 U.S. 213, 215, 93 S. Ct. 1461, 36 L. Ed. 2d 169 (1973) (citation omitted); *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (holding that "evidentiary hearings are not required when . . . the record conclusively shows that the petitioner is entitled to no relief.") The statute "does not require a full blown evidentiary hearing in every instance . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made." *United States v. Torado*, 982 F.2d 1025, 1030 (6th Cir. 1993). "Moreover, when the trial judge also hears the collateral proceedings . . . that judge may rely on his recollections of the trial in ruling on the collateral attack." *Blanton*, 94 F.3d at 235 (citation omitted).

The Court finds that any determination, at this time, as to the necessity for conducting an evidentiary hearing would be premature. After briefing is complete on petitioner's amended § 2255 motion, the Court will determine whether the record "conclusively show[s] that petitioner is entitled to no relief." *Fontaine*, 411 U.S. at 215.

Accordingly, petitioner's motion to amend is GRANTED, and petitioner shall be granted leave until **July 24, 2015** to file an amended motion containing the ineffective assistance of counsel argument outlined in his motion to amend. Following the filing of the amended § 2255 motion, the following briefing schedule shall apply.

(1) Respondent must file an Answer to the Amended Motion within thirty (30) days of the filing of the Amended Motion and show cause why the Amended Motion should not be granted. The Answer must include a response to the allegations of the Amended Motion, as well as a statement as to whether Petitioner has used any other available federal remedies, including any prior post-conviction motions under the Rules Governing § 2255 Proceedings. The Answer must also state whether an evidentiary hearing was afforded to the Petitioner in a federal court.

(2) Petitioner may file a Reply within thirty (30) days of the date of service set forth in the certificate of service attached to Respondent's Answer.

(3) No additional briefs shall be permitted.

(4) The Answer and any Reply shall make specific reference, by page number and exhibit number, to those portions of the record relied upon, and shall contain statements of the applicable law with citations to relevant case law or statutory authority.

(5) The Answer and any Reply shall conform to the requirements of Local Rule 7.1(f), which provides that memoranda relating to dispositive motions in administrative cases shall not exceed twenty (20) pages "[w]ithout prior approval of the Judicial Officer for good

cause shown [...]." Local Rule 7.1(f) further provides that [e]very memorandum related to a dispositive motion shall be accompanied by an affidavit specifying the track, if any, to which the case has been assigned and a statement certifying that the memorandum adheres to the page limitations set forth in this section."

Any motion for relief from the twenty (20) page limitation set forth in Local Rule 7.1(f) should be filed with the Court sufficiently in advance of the due date of a memorandum to afford the undersigned time to rule on the motion and the Clerk's Office time to issue the ruling by regular mail. Thus, a motion for relief which is filed contemporaneously with a memorandum may be summarily denied.

**IT IS SO ORDERED**.

Dated: June 16, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**