IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT BERRYHILL, ) | CASE NO.:   1:15-cv-815 |
| ) | 1:13-cr-175 |
| PETITIONER, ) | |
| ) | JUDGE SARA LIOI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, ) | (Nunc Pro Tunc)* |
| ) | |
| RESPONDENT. ) | |

Before the Court is a motion to vacate, set aside, or correct sentence filed by *pro se* petitioner Robert Berryhill ("petitioner" or "Berryhill") pursuant to 28 U.S.C. § 2255 (Doc. No. 40 ["§ 2255 Mot."]), as well as his amended motion to vacate, set aside, or correct sentence, which incorporates his § 2255 motion fully by reference. (Doc. No. 48 ["Amend. Mot."].) Respondent United States of America ("respondent" or the "government") opposes the amended motion (Doc. No. 49 ["Opp'n"]), and petitioner has filed a reply. (Doc. No. 50 ["Reply"].) Although an amended motion generally supersedes a prior motion, petitioner incorporated his original motion after respondent reserved the right to challenge the merits of the original motion, and the Court permitted the parties to proceed with this understanding. (Doc. No. 47.) For the following reasons, the petitions are dismissed, and petitioner's request for an evidentiary hearing is denied.

I.     BACKGROUND

On April 3, 2013, the government filed a nine-count information against Berryhill. The information contained five counts of mail fraud in violation of 18 U.S.C. § 1341, two counts of wire fraud in violation of 18 U.S.C. § 1343, one count of false personation of an officer or

*This nunc pro tunc memorandum opinion is being issued to address the certificate of appealability.

employee of the United States in violation of 18 U.S.C. § 912, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (Doc. No. 1.) Berryhill was arraigned on April 23, 2013, and, pursuant to a written plea agreement, waived his right to an indictment and pleaded guilty to the charges contained in the information. The Court accepted Berryhill's plea of guilty and on July 30, 2013, sentenced him to 75 months of imprisonment, with conditions for supervised release, and an order to pay $304,699.45 in restitution and a special assessment of $900. (Doc. Nos. 17, 19.)

On October 10, 2014, the Sixth Circuit Court of Appeals affirmed this Court's sentence. *United States v. Berryhill*, 587 F. App'x 310, 314 (6th Cir. 2014). Berryhill sought certiorari review, and his request was denied on December 8, 2014. *Berryhill v. United States*, __ U.S.__, 135 S. Ct. 770, 190 L. Ed. 2d 640 (2014). On April 24, 2015, Berryhill filed a motion to vacate, set aside, or correct sentence pursuant to 18 U.S.C. § 2255, claiming that he received ineffective assistance both during the plea process and on appeal, and that his plea was involuntary. (§ 2255 Mot.) On June 2, 2015, this Court granted the government's request for a limited waiver of the attorney client privilege in order to defend the ineffective assistance of counsel claims. (Doc. No. 45.) Berryhill filed a motion to amend, pursuant to Fed. R Civ. P. 15, which this Court granted on June 16, 2015. (Doc. No. 47.) On June 29, 2015, Berryhill filed his amended motion, supplementing his ineffective assistance of counsel claims against trial counsel and appellate counsel. (Amend. Mot.) The matter is now fully briefed and ripe for resolution.

## II.     PETITIONER'S MOTION TO VACATE UNDER § 2255

### A. Standard of Review

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was

2

sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

After a defendant enters a guilty plea, he must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings to be entitled to receive habeas relief. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). Accordingly, a court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Griffin*, 330 F.3d at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). Nevertheless, the Court recognizes petitioner's *pro se* status, and applies a lenient construction to his motions. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id* at 74. Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id*.

A court should hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted

as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among other authorities, *Machibroda v. United States*, 368 U.S. 487, 495, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'").

**B. Discussion**

Petitioner asserts that trial counsel and appellate counsel provided him with ineffective assistance, and that his plea was involuntary.[1] His arguments are couched in terms of civil contract law, and, on the surface, petitioner appears to suggest that his plea agreement is null and void because it was not effectively negotiated. In response, the government devoted much time and attention to explaining the negotiation process that precipitated the final plea agreement. The government also offered the affidavits of trial counsel, attorney billing records, correspondence between petitioner and counsel, and copies of prior draft plea agreements to document the negotiations leading up to petitioner's change of plea hearing. (Doc. Nos. 49-1 through 49-8.)[2] The Court need not follow the government down the rabbit hole and consider this extraneous

---

[1] A § 2255 motion is the proper vehicle for raising claims of ineffective assistance of counsel in the Sixth Circuit. *Singleton v. United States,* No. 93-4253, 1994 WL 464245, at *1 (6th Cir. Aug. 26, 1994) (citing, among authorities, *United States v. Carr,* 5 F.3d 986, 993 (6th Cir. 1993)); *see also Massaro v. United States,* 538 U.S. 500, 504-5, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) (holding that a § 2255 motion is preferable to a direct appeal for deciding an effective-assistance claim).

[2] The government also offered similar evidence relating to appellate counsel's efforts to address petitioner's concerns on direct appeal. (Doc. Nos. 49-9 through 49-13.)

documentation, however, because the precise arguments petitioner is asserting are conclusively refuted by the record.

A review of his motions and supporting briefs reveals that petitioner is not challenging his entire plea. Indeed, he states in his reply that he "is in fact guilty of all crimes except, 18 U.S.C. [§] 1028A [Count 9-aggravated identity theft] and [§] 912 [Count 8-false personification of a federal officer], respectively." (Reply at 525; *see* Doc. No. 1.) It is petitioner's position that trial counsel was ineffective because he permitted petitioner to plead guilty to Counts 8 and 9 of the information when the facts did not support convictions for aggravated identity theft and false personification of a federal officer. In support, he relies on the Sixth Circuit's decision in *United States v. Miller*, 734 F.3d 530 (6th Cir. 2013), and its interpretation of the word "use" in 18 U.S.C. § 1028A. As a result of this alleged deficiency, petitioner insists that there was no consideration given in exchange for his plea on these counts and that mutual assent was, therefore, also lacking. (Reply at 525.) He complains that, under these circumstances, the plea agreement's waiver provision was unfair because he lost the right to raise the argument in *Miller* on direct appeal, and trial counsel's performance was deficient for permitting him to sign the agreement. (*Id*. at 543.) As for appellate counsel, petitioner claims that he, too, was ineffective because he did not properly present his argument under *Miller* on direct appeal. (*Id*. at 543-44.)

    **i.**     **Ineffective Assistance of Counsel**

In *Strickland v. Washington*, the Supreme Court announced the standard for evaluating claims of ineffective assistance of counsel. 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under the *Strickland* standard, a petitioner moving for § 2255 relief "must show that [his] counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Id*. Deficient performance occurs when counsel makes errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The

proper measure of attorney performance is an "objective standard of reasonableness," with reasonableness judged based on the particular case's facts, viewed as of the time of the attorney's conduct. *Id*. at 688–89. Judicial scrutiny of counsel's performance is "highly deferential." *Id.* at 689. Further, a court's focus is on the adequacy of "counsel's actual performance, not counsel's (hindsight) potential for improvement." *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998) (citation omitted). To successfully demonstrate prejudice, petitioner must show that "counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. However, "an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Id*. at 691 (citation omitted). Prejudice is established when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

The *Strickland* standard applies during the plea bargaining process. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). When a defendant enters a guilty plea, his counsel must perform within "the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). Petitioner need not show he would have prevailed at trial, but a petitioner alleging ineffective assistance of counsel must establish deficient performance and that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (quotation marks and citations omitted); *see Griffin*, 330 F.3d at 737 (citations omitted).

A guilty plea is valid when it is made voluntarily and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). To waive a constitutional right knowingly, intelligently, and voluntarily, a defendant must have sufficient awareness of the

relevant circumstances and likely consequences. *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). Validity is determined by the totality of the circumstances. *Id*. at 749 (citations omitted).

In his motion, petitioner originally asserted that trial counsel was deficient for failing to inform him that the plea contained a waiver of his appellate rights and for failing to inform him of the consequences therein. (§ 2255 Mot. at 318.)[3] Of course, the plea colloquy refutes any claim by petitioner that he was unaware of the waiver provision, and it is clear that he voluntarily entered into the plea agreement knowing that he was waiving various appellate rights.

> The Court: Did you sign this agreement today?
>
> Berryhill: Yes, I did.
>
> The Court: Did you initial and sign the agreement after you had adequate time and opportunity to read and review the agreement and discuss it with your attorney?
>
> Berryhill: Yes, ma'am.

(Doc. No. 33 (Transcript of Arraignment/Change of Plea Hearing) at 237.) After determining that petitioner was given sufficient time to review the agreement, the Court specifically reviewed the waiver, as well as the consequences of the waiver, with petitioner before he entered a plea of guilty.

> The Court: Do you understand, as set forth in paragraph 17, that except under limited circumstances, you're giving up your right to appeal your conviction and sentence in this case, and that you're giving up your right to challenge your conviction and sentence at a later time again except in very limited circumstances?
>
> Berryhill: I do, Your Honor.
>
> The Court: Specifically, under the plea agreement, you would have the right to appeal any of the following: any punishment in excess of the

---

[3] All page number references are to the page identification number generated by the Court's electronic docketing system.

>statutory maximum, any sentence to the extent it exceeds the maximum of the advisory sentencing imprisonment range for offense level 25, before acceptance of responsibility, subject, of course, to the two-year mandatory minimum consecutive sentence relative to Count 9, and further in accordance with the sentencing stipulations and computations contained within the agreement using the criminal history found applicable by the court. You also have a right to appeal the court's determination of your criminal history category, and finally, you also have the right to appeal or collaterally attack any claim you may have relative to ineffective assistance of counsel or prosecutorial misconduct.
>
>Do you understand all of this, sir?
>
>Berryhill: I do, Your Honor.
>
>The Court: Okay. Do you understand that other than the rights to appeal that I've just discussed with you, you are giving up all other rights to appeal or collaterally attack now or at a later time through this or any other proceeding your sentence and conviction in this case?
>
>Berryhill: I do, your Honor.

(Doc. No. 33 at 256-7.)

Petitioner's suggestion that he only answered affirmatively during the colloquy because he was encouraged to do so by his lawyer is also contradicted by his statements during the colloquy. Petitioner affirmed that he was not forced, coerced, or threatened in any way after the Court went through each line of his plea agreement with him on the record.

>The Court: Has anyone forced you, coerced you, threatened you in any way to get you to enter this plea?
>
>Berryhill: They have not, Your Honor.
>
>The Court: Other than what's set forth in this written plea agreement, has anyone promised anything or made any representations to you directly or indirectly in order to induce you to enter this plea?
>
>Berryhill: They have not, Your Honor.
>
>The Court: In particular, have any promises or agreements been made with respect to any actual or prospective civil or administrative

8

|             | proceedings or actions involving you, except as expressly stated within this agreement? |
|-------------|-----------------------------------------------------------------------------------------|
| Berryhill:  | They have not.                                                                          |
| The Court:  | Do you fully understand the terms and conditions of this agreement?                     |
| Berryhill:  | I do, Your Honor.                                                                       |
| The Court:  | Is your plea of guilty being made freely and voluntarily, sir?                          |
| Berryhill:  | Yes, ma'am.                                                                             |
| The Court:  | Are you pleading guilty to the offenses set forth against you in the information because you, in fact, committed the crimes charged against you in the information? |
| Berryhill:  | I did, Your [H]onor.                                                                    |
| The Court:  | Do you have any questions whatsoever about this plea?                                   |
| Berryhill:  | None whatsoever.                                                                        |
| The Court:  | Are you certain that you still wish to enter a plea of guilty in this case?             |
| Berryhill:  | I am, Your honor.                                                                       |

(Doc. No. 33 at 267–68.) Given petitioner's statements during the colloquy, petitioner's claim now that he only answered in the affirmative because he was told to do so lacks merit and is subject to summary dismissal. *Blackledge*, 431 U.S. at 74.

Petitioner takes a slightly different tack in the reply to his amended motion. He essentially concedes (as he must) that the plea contained a comprehensive waiver provision. (Reply at 526.) He now claims that the waiver provision was unfair because he was forced to give up his right on appeal to challenge the sufficiency of the facts set forth in the plea agreement to support his convictions for aggravated identity theft and impersonation of a federal officer under *Miller*. It is his position that trial counsel was ineffective for failing to fully explain the

9

consequences of forgoing this appellate argument. Petitioner cannot establish either prong of the *Strickland* standard. As will be discussed below, trial counsel's conduct was not deficient because the facts set forth in the plea agreement, even under *Miller*, amply support the convictions for Counts 8 and 9. Moreover, the record simply does not support a finding of prejudice.

It is petitioner's position that he was prejudiced because he unknowingly gave up his right to challenge the sufficiency of the facts in the plea agreement relative to Counts 8 and 9 on appeal. Notwithstanding the clear waiver in the plea agreement, the record conclusively demonstrates that petitioner *was able to raise this argument on appeal*. The Sixth Circuit rejected the argument on the merits, finding that the facts in the agreement—coupled with his own admissions—were sufficient to support both crimes. *See Berryhill*, 587 F. App'x at 312-13. While the court employed a plain error analysis, petitioner has failed to demonstrate how a more lenient standard would have changed the outcome. Because petitioner cannot demonstrate that he was prejudiced by his trial counsel's conduct, his ineffective assistance of counsel claim fails.

Petitioner also asserts that appellate counsel was deficient for not fully utilizing the argument discussed in *Miller*, relating to the crime of aggravated identity theft, during his appeal. At issue in *Miller* was the interpretation of the word "uses" under 18 U.S.C. § 1028A. Section 1028A provides:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or *uses*, without lawful authority, a means of identification of another person, shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A (emphasis added).

In *Miller*, the defendant falsely included the names of the members of an LLC on a resolution in such a way that suggested they authorized him to pledge the LLC's property as

10

collateral to secure a loan. *Miller*, 734 F.3d at 540. The court found that the word "uses" was ambiguous because it could refer to either stealing or possessing the identity of another or simply employing someone else's name to one's own benefit. *Id.* at 541-42. Applying the rule of lenity, the Sixth Circuit adopted the more narrow interpretation of stealing the identity of another. Because the defendant did not represent himself as someone else, and merely misrepresented that he was given authority by others, the court ruled that the facts of that case could not support a conviction for aggravated identity theft under § 1028A. *Id.* at 542.

Here, petitioner did represent himself as someone else: he used the name of and impersonated an employee of the FBI, "W.C.M.," in connection with his § 1028A violation. (Doc. No. 6 at 36-37.) Nevertheless, appellate counsel did argue, pursuant to *Miller*, that the government failed to satisfy the elements of § 1028A by not establishing a factual basis that a "W.C.M." exists, and the Sixth Circuit rejected the argument. *United States v. Berryhill*, 587 F. App'x 310, 312–13 (6th Cir. 2014); (Appellant's Brief at 12–13). But again, unlike the defendant in *Miller*, petitioner did "use" the identity of another—W.C.M.—and, as the Sixth Circuit concluded, the factual basis regarding the use was sufficient to uphold a conviction under § 1028A.

Because the facts in the plea agreement supported his convictions on Counts 8 and 9, appellate counsel cannot be considered ineffective for failing to present the argument in the manner petitioner suggests. *See Goff v. Bagley*, 601 F.3d 445, 469 (6th Cir. 2010) (appellate counsel was not ineffective for failing to raise a patently frivolous argument); *see also United States v. Ealy*, No. 1:05-CR-58, 2007 WL 2904028, at *1 n.2 (W.D. Mich. Oct. 1, 2007) ("It is obvious, however, that an attorney has an ethical duty not to raise frivolous arguments . . . and the failure to raise a frivolous argument cannot violate the *Strickland* standards nor cause

prejudice warranting relief.") For the same reasons, trial counsel's conduct cannot be considered deficient for failing to counsel petitioner against signing the agreement. Accordingly, counsel's representation (at the plea stage or on appeal) did not fall below an objective standard of reasonableness.

Petitioner also argues that appellate counsel was deficient for failing to raise ineffective assistance of counsel on direct appeal. Petitioner is incorrect. The Sixth Circuit has repeatedly instructed that a § 2255 motion is the proper vehicle for an ineffective assistance of counsel claim, and that it would not entertain such a claim on direct appeal. *Singleton v. United States,* No. 93–4253, 1994 WL 464245, at *1 (6th Cir. Aug. 26, 1994) (citing, among authorities, *United States v. Carr,* 5 F.3d 986, 993 (6th Cir. 1993)); *see United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) ("As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include the record evidence bearing on the results of the allegations.") (quotation marks and citations omitted); *see also Massaro v. United States,* 538 U.S. 500, 504–05, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) (holding that a § 2255 motion is preferable to a direct appeal for deciding an effective-assistance claim). For the reasons stated above, petitioner fails to satisfy the first prong of *Strickland*, and his ineffective assistance of counsel claim as to appellate counsel is subject to dismissal.

Petitioner's attempts to invoke general contract law arguments to attack the plea agreement are also without merit. Petitioner claims that trial counsel was deficient for failing to adhere to the elements of a civil contract. He asserts that he received ineffective assistance of counsel because trial counsel failed to advise him on, or properly secure execution of, the elements of contract formation as he believes they apply to the plea bargaining process; namely

offer and acceptance, mutual asset, and consideration. (Amend. Mot. at 382–84.) Petitioner claims the contractual elements of offer and acceptance are not met because of the document's lack of proper negotiation, that the plea agreement lacks mutual assent because it is a contract of adhesion, and that there was no consideration because the government never gave up anything of value or bargained for its consideration. (§ 2255 Mot. at 315–16, 321; Amend. Mot. at 382–84.)

The contract analogy is appropriately used in the context of plea agreements where a party is seeking to enforce the agreement according to "traditional principles of contract law." *United States v. Robinson*, 924 F.2d 612, 613 (6th Cir. 1991) (citations omitted). Petitioner does not allege that the plea agreement was breached; rather, he seeks to rescind portions of the plea agreement by having this Court apply principles of contract formation. However, application of contract principles to plea-agreements does not extend so far as to allow courts to determine whether a contract was formed. *United States v. Partida Parra*, 859 F.2d 629, 634 (9th Cir. 1988). Rigid application of contract law is inapplicable in light of the constitutional safeguards inherent in the criminal process. *See United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005) ("A plea agreement is a type of contract, and the principles of contract law are highly developed, though . . . their application to plea agreements must be tempered by recognition of limits that the Constitution places on the criminal process, limits that have no direct counterparts in the sphere of private contracting."); *see also United States v. Asset*, 990 F.2d 208, 216 (5th Cir. 1993) ("[T]raditional principles of contract law are not strictly applicable to plea agreements. Rather, contract principles are generally invoked to hold the government to its obligations under a plea agreement so that the defendant will not suffer prejudice as a result of his or her reliance on it.") (citation omitted), *abrogated on other grounds by United States v. Estate of Parsons*, 367

F.3d 409, 415 (5th Cir. 2004). Accordingly, Berryhill's attempt to rely on contract principles to challenge the very existence of the plea agreement is unavailing.

### ii. Evidentiary Hearing

Petitioner seeks an evidentiary hearing in his prayer for relief. (§ 2255 Mot. at 327; Amend. Mot. at 389.) However, as set forth above, petitioner's claims are either in direct conflict with the record or do not entitle to him relief even if true. *Arredondo v. United States*, 178 F.3d at 782; *see also Fontaine v. United States*, 411 U.S. 213, 215, 93 S. Ct. 1461, 36 L. Ed. 2d 169 (1973). Moreover, to the extent that the affidavits offered by petitioner and the government establish disputed facts as to the plea negotiations, the Court did not need to (and did not) rely upon them to resolve the issues raised in petitioner's motions. Petitioner's own declarations during the plea colloquy, along with his concessions in the briefing herein, convincingly demonstrate that he is entitled to no relief. *See Fontaine*, 411 U.S. at 215. Accordingly, petitioner's request for an evidentiary hearing is denied.

### iii. Procedural Request

On February 25, 2016, petitioner filed a document entitled, "Procedural Request for Judicial Preference or Guidance." (Doc. No. 54.) In this filing, petitioner indicates that he intends to litigate a recent incident occurring in the penal institution where he is held, during which he was the victim of an alleged "unprovoked aggravated assault . . . resulting in a broken jaw in two locations, a broken cheek bone and a broken nose, along with ongoing pain, neurological damages, and physical disfigurement[.]" (*Id*. at 561.) According to petitioner, the prison attack is evidence that the government has "breached the Plea Agreement" by not ensuring his safety while in custody. (*Id*.) Petitioner apparently wishes to add a new claim to his § 2255 motion to address this attack. He asks whether the Court will "allow another Rule 15 motion in this instant

14

case," or whether the Court would treat this new claim as a "second and successive § 2255(f)" motion. (*Id*. at 564.)

The answer to petitioner's inquiry is that neither approach would be appropriate. A § 2255 motion is not the appropriate vehicle for challenging any condition of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Luedkte v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (collecting cases); *Sullivan v. United States*, 90 F. App'x 862 (6th Cir. 2004); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (When a prisoner improperly brings a claim of unconstitutional conditions of confinement as a habeas claim, the district court is to dismiss the action.). Instead, such claims should be brought as civil rights claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *See Sullivan*, 90 F. App'x at 863. If petitioner wishes to challenge the conditions of his confinement, he is free to file a separate *Bivens* action in the appropriate federal venue, once he has exhausted his available administrative remedies. *See Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999). Thus, to the extent that petitioner is seeking leave to further amend his § 2255 motion or file an additional § 2255 motion to cover this claim, leave is denied.

## III. CONCLUSION

For the foregoing reasons, petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 are denied, as is his request for an evidentiary hearing. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: May 6, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**